**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | |
|---|---|
| TIMOTHY CHATEN<br>909 New Jersey Avenue, S.E.<br>Apt 905<br>Washington, D.C. 20003<br><br>*Plaintiff*,<br><br>v.<br><br>MARKETSMART LLC<br>6404 Ivy Lane, Suite 110<br>Greenbelt, Maryland 20770<br><br>SERVE: Greg Warner<br>5906 Maiden Lane<br>Bethesda, Maryland 20817<br><br>And<br><br>GREG WARNER<br>5906 Maiden Lane<br>Bethesda, Maryland 20817<br><br>*Defendants*. | Civil Action No.: 19-CV-1165 |

**COMPLAINT**

Plaintiff, Timothy Chaten, brings this action against Defendants, Marketsmart LLC ("Marketsmart") and Greg Warner ("Warner") (collectively the "Defendants"), and allege as follows:

**INTRODUCTION**

1. This action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. §§ 3-415 and 3-427; and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., §§ 3-505 and 3-507.2. Plaintiff brings this action

to recover unpaid, illegally withheld overtime wages, liquidated damages, and attorneys' fees costs for Defendants' willful failure to pay them in accordance with the above statutes.

## JURISDICTION

2. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

3. This Court has in *personam jurisdiction* over Defendants because they conduct business in the State of Maryland and because all of the events giving rise to these claims occurred in Maryland.

## THE PLAINTIFF

4. Plaintiff is an adult resident of Washington, D.C. and was employed by Defendants as a "Podcast Developer" and "Marketing Solutionist" from March 27, 2017 until his termination on March 15, 2017.

## THE DEFENDANTS

5. Marketsmart is a Limited Liability Company formed under the laws of the State of Maryland, and which does business in Maryland. Marketsmart was Plaintiff's "employer" as that term is defined within the FLSA, MWHL and the MWPCL because it employed the Plaintiff directly, set the terms and conditions of his employment, managed him and paid them his wages. Marketsmart is in the business of manufacturing and selling software to help non-profit organizations raise money.

6. Greg Warner is the Chief Executive Officer, Member, and/or owner of Marketsmart. He is an employer of Plaintiff within the meaning of the FLSA, the MWHL and the MWPCL

because: (1) he is an owner and member of Marketsmart (2) he has Chief Executive Officer of Marketsmart; (3) he had operational control over Marketsmart and was significantly involved in the operations; (4) he also controlled the terms and conditions of Plaintiff' employment, set the terms and conditions of Plaintiff's compensation, supervised him extensively, controlled his work schedule and compensation; and (4) he hired and fired Plaintiff and had full authority to do so.

## STATEMENT OF FACTS

7. During the first 90 days of his employment with Marketsmart (March 27, 2017 to June 25, 2017), Plaintiff was in a 90-day probationary period where Plaintiff received training, did some website maintenance, sent out emails to subscribers and potential subscribers of the company software, assisted with podcast development, participated with Linkedin groups and made minor edits to blog posts.

8. Beginning on June 26, 2017, when his probationary had ended, with extensive supervision, Plaintiff was engaged in the non-exempt function of audio podcast production, based on specific instructions and directives from his supervisors Greg Warner and Zachary Shefska, the Chief Operating Officer ("COO"), which he would post to Marketsmart's website. Plaintiff also performed the following non-exempt functions: (1) setting up office computers and emails for new employees; (2) researching issues related to the company's lock system; (3) connecting with persons on Linkedin and with consultants of non-profit organizations; (4) drafting social media posts and scheduling their publication on Twitter, Linkedin and Facebook; (5) emailed customers and prospective customers about Marketsmart's products; (6) creating graphics and artwork for the website and emails; and (7) performed demonstrations of Marketsmart's software.

9. Also, Plaintiff was paid strictly on a salary basis. His annual salary at various points in time was as follows: (1) $60,000.00 from March 27, 2017 to June 1, 2017; (2) $63,000.00 from June 2, 2017 to October 5, 2017; (3) $65,000.00 from October 6, 2017 to January 25, 2018; (4) $68,000.00 from January 26, 2018 to April 5, 2018; (5) $70,000.00 from April 6, 2018 to January 10, 2019; and (6) $73,000.00 from January 11, 2019 to March 15, 2019.

10. At all times relevant to this complaint, Marketsmart misclassified Plaintiff as exempt from the FLSA and the MWHL and thus failed to record Plaintiff's hours of work. However, Plaintiff is able to recall the hours he worked and make reasonable estimates of his work hours.

11. During the 90-day training period (March 27 to June 25, 2017), Plaintiff would arrive at the office at 8:30 a.m. and leave at 5:30 p.m., with a 30-minute lunch break. During his probationary period, he worked in the office Monday through Friday. This amounted to eight hours and 30 minutes per day of total work time and 42 hours and 30 minutes of work per week during the probationary period. However, Plaintiff received straight-time wages for his overtime hours and did not receive any overtime premium for any hours over 40 that he worked in any workweek. Plaintiff's supervisors were fully aware of his schedule and hours of work and that he was working more than 40 hours per week.

12. From June 26, 2017 to March 15, 2019, when he was terminated, Plaintiff worked at the Marketsmart office on Monday, Tuesday, Thursday and Friday and he worked at home on Wednesdays. On the days he worked at the office, Plaintiff would arrive at 8:30 a.m. and leave at 5:30 p.m. And, the average length of Plaintiff's lunch break when he worked at the office was 30-minutes. On the days he worked at home, Plaintiff would begin work at 8:00 a.m., conclude work at 5:30 p.m. and take a 40-minute lunch break. Thus, Plaintiff worked at the office for eight hours

and thirty minutes per day and worked at home once a week for 8 hours and 50 minutes per day. Also, during this same time frame, on 10-20 occasions, Plaintiff worked at the office until approximately 6:00 p.m. or later, which meant that on those days he worked nine hours per day. In addition, on a consistent basis from June 27, 2017 to March 15, 2019, Plaintiff had email communication, SLACK (Marketsmart's internal messaging) communication or telephonic communication with his managers about work-related matters, in the morning before he left for work, in the evening after returning from work, on his way to work and on weekends when he was not at work. The average out-side-of-work communication with his managers was approximately 15 minutes per day, six days per week, a total of 90 minutes of work time per week.  Thus, beginning on June 26, 2917, with the exemption of the 10-20 days when Plaintiff worked until 6:00 p.m. or later, Plaintiff normally worked 44 hours and twenty minutes per week. And, from June 26, 2017 forward, Plaintiff's supervisors and managers were fully aware of his schedule and hours of work, including his receipt and responses to email and SLACK communication.

## COUNT I

## VIOLATIONS OF THE FLSA
## 29 U.S.C. §§ 201 – 216 (b)

13. Plaintiff repeats and incorporates by reference all allegations set forth above.

14. Plaintiff was a non-exempt employee of Defendants under the FLSA, but was misclassified as exempt.

15. And, Defendants were employers of Plaintiff under the FLSA.

16. Defendants violated the FLSA by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for each hour over 40 that he worked.

17. Defendants' actions were willful as defined by the FLSA and were not undertaken in good faith.

18. Defendants are liable to Plaintiff under 29 U.S.C. § 216 (b), for unpaid, and illegally withheld overtime compensation, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT II

### VIOLATIONS OF THE MWHL
### Md. Code Ann., Lab. & Empl. § 3-420

19. Plaintiff repeats and incorporates by reference all allegations set forth above.

20. Plaintiff was non-exempt employee of Defendants under the MWHL, but was misclassified as exempt.

21. Defendants were employers of Plaintiff with in the meaning of the MWHL.

22. Defendants failed to pay Plaintiff at one and one-half times his regular hourly rate for each hour over 40 that he worked in a work week, in violation of Md. Code Ann., Lab. & Empl. § 3-420.

23. Defendants knowingly, willfully and intentionally violated Plaintiff' rights, under the MWHL and did not act in good faith by classifying Plaintiff as exempt.

24. As a result, Defendants are liable to Plaintiff pursuant to the MWHL for their unpaid and illegally withheld overtime wages for the statutory period, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

### COUNT III
### VIOLATIONS OF THE MWPCL
### Md. Code Ann., Lab. & Empl. §§ 3-501 – 3-509

25. Plaintiff repeats and incorporates by reference all allegations set forth above.

26. Defendants knowingly, willfully and intentionally violated Plaintiff's rights, under the MWPCL by failing to pay Plaintiff an overtime premium for his overtime hours, and Defendants' unlawful failure or refusal to pay the required wages was not the result of a *bona fide* dispute within the meaning of the MWPCL.

27. Defendants are liable to Plaintiff pursuant to the MWPCL for illegally withheld overtime wages for the statutory period, an additional amount equal to double the unpaid overtime wages as liquidated damages, litigation costs, attorneys' fees, and any other relief deemed appropriate by the Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant them the following relief:

a) enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiff in the amount of Plaintiff's respective unpaid and illegally withheld overtime wages, plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on Defendants' violations of the MWHL in the amount of Plaintiff's unpaid and illegally withheld overtime wages and an equal sum as liquidated damages;

c) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on Defendants' violations of the MWPCL in the amount of Plaintiff's unpaid and illegally withheld overtime wages and a sum equal to double liquidated damages under the MWPCL;

d) award Plaintiff their costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. §§ 3-427 (a) and 3-507.2; and

e) permanently enjoin Defendants from committing further violations of the FLSA the MWHL and the MWPCL.

Respectfully submitted,

_____/s/_____
Omar Vincent Melehy
Maryland Bar No.: 05712
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: ovmelehy@melehylaw.com
*Attorneys for Plaintiff*