**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **TIMOTHY CHATEN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.  PX-19-1165** |
| | * | |
| **MARKETSMART LLC, et. al,** | * | |
| | * | |
| **Defendants** | * | |
| | * | |
| | ****** | |

<u>**REPORT AND RECOMMENDATIONS RELATED TO MOTION FOR
JUDICIAL APPROVAL OF SETTLEMENT AGREEMENT**</u>

This "Report and Recommendations" addresses the motions for judicial approval of a settlement that were filed by Defendants MarketSmart, LLC and Greg Warner ("Defendants"), and Plaintiff Timothy Chaten (ECF Nos. 24, 25).  Pursuant to 28 U.S.C. § 636, and Local Rule 301.5(b), the Honorable Paula Xinis referred this matter to me to issue a report and make recommendations (ECF No. 26).  I believe that the issues have been fully briefed, and do not believe that any hearing is necessary.  Local Rule 105.6.  As set forth more fully below, I recommend that the Court approve the $12,500  settlement as fair and reasonable, direct the Clerk of the Court to enter Judgment in that amount, and that the issues related to the reasonableness of Plaintiff's counsel's attorney's fees be briefed consistent with the Court's June 25, 2019 Order (ECF No. 22).

**BACKGROUND**

On or about April 22, 2019, Plaintiff filed his First Amended Complaint ("Amended Complaint") for unpaid overtime wages. The Amended Complaint alleges violations of: (1) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et. seq.*; (2) the

overtime provisions of the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Labor & Employment Article §3-401 *et. seq.*; and (3) the Maryland Wage Payment & Collection Law("MWPCL"), Md. Code Ann., Labor & Employment Article §3-501 *et. seq.* According to the Plaintiff, between on or about March 27, 2017 – March 15, 2019, he worked for Defendants on a salaried basis, however Defendants "misclassified" him as exempt from the FLSA and MWHL and, thus, did not pay him overtime wages as required by law. (ECF No. 8).

On June 5, 2019, Defendants made an Offer of Judgment to Plaintiff, pursuant to Fed. R.Civ.P. 68, in the amount of $12,500, plus court costs and reasonable attorneys' fees, both of which were to be determined by the court. (ECF No. 18-1). On June 18, 2019, Plaintiff accepted the Offer of Judgement. (ECF No. 18-2).

On July 8, 2019, Defendants filed their "Motion to Approve Settlement," and Plaintiff filed his "Response to Defendants' Motion to Approve Settlement." (ECF Nos. 24, 25). According to the parties, there is no written settlement agreement.

## DISCUSSION

In this Circuit, district courts usually analyze the factors articulated in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982), when considering whether to approve of a settlement involving the FLSA. *See Saman v. LBDP, Inc.*, No. DKC 12-1083, 2013 WL 2949047, at **1, 2 (D. Md. June 13, 2013) (citing *Lynn's Food Stores v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Gionfriddo v. Jason Zink, LLC*, No.RDB-09-1733, 2012 WL 1077765, at *2(D. Md. Mar. 29, 2012). The courts engage in a two-step process. First, any settlement must be a "fair and reasonable resolution of a *bona fide* dispute over [any] FLSA provisions." *Lynn's Food Stores v. U.S.*, 679 F.2d at 1355. The bona fides of a dispute are established by several factors: 1) the description of the dispute, 2) the description of the

employer's rationale for disputing the employee's sought wages, 3) the description of the employee's justifications for being entitled to disputed wages, 4) the estimates of hours worked and applicable wages, and 5) confirmation that the employee was not a subcontractor. *See Saman*, 2013 WL 2949047, at *3 (first citing *Dees v. Hydrady, Inc.*, 706 F. Supp. 2d 1227, 1241–42 (M.D. Fla. 2010); and then citing *Lomascolo*, 2009 WL 3094955, at *16). Second, a court reviews the terms of a settlement assessing it for fairness and reasonableness.

### A. Bona Fide Dispute

I have examined the pleadings in this case, as well as the representations made by counsel in their respective motions for approval of the settlement. I have analyzed the *Saman* factors related to the existence of a *bona fide* dispute. The parties first aver that was a bona fide dispute as to FLSA liability. Specifically, Plaintiff asserted that he worked several hours of overtime between March 27, 2017 – March 15, 2019 for which he should have been paid, whereas Defendants maintained that he was an exempt, salaried employee, therefore, he was not entitled to such compensation. (ECF No. 24, pp. 2-4). In addition, Defendants dispute that they willfully violated federal or state law. (*Id.*). Second, the pleadings provide Plaintiff's annual salary as well as his hourly wages during the relevant period, with the Defendants' calculation that Plaintiff would be entitled to recover no more than $6,700 in overtime wages. (ECF No. 24, p2). Third, Plaintiff's counsel represents that they reviewed door swipe card entry and exit data, as well as other information, to conclude that Plaintiff should recover $6,374 in unpaid overtime wages. (ECF No. 25, p. 2). Thus, I find that there was clearly a *bona fide* dispute about several issues, including whether and in what amount Plaintiff was entitled to recover unpaid overtime.

**B. Fairness and Reasonableness**

As part of the "fair and reasonableness" analysis, there are several factors that courts routinely examine, including: (1) the extent of discovery, (2) the stage of the proceedings, including the complexity, expense, and foreseeable duration of the litigation, (3) the absence of fraud or collusion in the settlement, (4) the experience of counsel who represented the plaintiffs, (5) the opinions of counsel, (6) the probability of the plaintiffs' success on the merits, (7) the difference between the settlement amount and the potential recovery. *See Saman*, 2013 WL 2949047, at *3.

I analyzed the first, second, and sixth factors together. The motions refer to the informal exchange of some discovery, namely propounding of interrogatories and requests for production of documents, as well as the production of the door swipe card entry and exit data for Plaintiff (for the period of March 2017- March 2019).  (ECF No. 25, pp. 2-3). Plaintiff's counsel carefully evaluated the swipe card data to be able to determine a total of unpaid wages and the amount of liquidated damages (ECF No. 25, p. 2).  The parties state that they decided to settle at an early stage in the proceedings to avoid having to conduct "additional extensive discovery and depositions;" so that there would be more financial resources available for settlement. (ECF Nos. 24, p2; 25, p. 3). In addition, Plaintiff decided to accept the amount offered in light of the *bona fide* disputes about liability, and the "uncertain nature of litigation." (ECF No. 24, p 5). Regarding the third factor, there is no evidence of fraud or collusion in the settlement; rather, the agreement appears to have been reached at arms' length. Indeed, the Plaintiff is not settling any other claims against the Defendants that has not been raised in the Amended Complaint. (ECF No. 25, p. 2).  Regarding the fourth factor, Plaintiff's counsel is experienced in the field of FLSA litigation as evidenced by the filings that were made in this case, including ECF No. 25, which

provides helpful information related to how Plaintiff determined damages. Regarding the fifth and seventh factors, Plaintiff estimated his recovery to be $6,374 in unpaid overtime wages and an equal amount in liquidated damages, amounting to $12,748. The offer of judgement is for $248.00 less than that amount, $12,500, which Plaintiff is willing to accept as settlement of his FLSA, MWHL, and MWPCL claims. It is of note that "Plaintiff's acceptance of the offer of judgment is not intended to be a general release of all claims." (ECF No. 25, p.2). Moreover, the offer of judgement includes the **separate** award of reasonable attorney's fees and costs, in an amount to be determined by the Court. Thus, any amount to be awarded in attorney's fees will not affect the amount of money that Plaintiff receives. *See Gionfriddo v. Jason Zink, LLC*, No.RDB-09-1733, 2012 WL 1077765, at *2(D. Md. Mar. 29, 2012)(FLSA settlement approved where court had discretion to separately determine the attorney's fees award). Moreover, the Plaintiff is receiving his more than 95% of his unpaid overtime wages plus the liquidated damages penalty without that amount being reduced by attorney's fees and costs. *Compare Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)(Plaintiff should receive full wages plus liquidated damages penalty "without incurring any expense for legal fees or costs."

## CONCLUSION

In sum, I respectfully recommend that the Court **GRANT AND APPROVE** the Motion for Settlement (ECF No. 24). I further recommend as follows:

1) That the Clerk of the Court enter judgment against Defendants in the amount of **$12,500**;

2) That the issues related to the reasonableness of costs and attorney's fees be briefed consistent with the Court's June 25, 2019 Order; to wit, Plaintiff's petition for attorney's fees and costs will be due 45 days after the Court approves the settlement;

Defendants' response thereto is due 30 days after Plaintiff's petition is filed; and

Plaintiff's reply is due 15 days after Defendants' response is due.


August 26, 2019                              _____/s/_____
                                            Gina L. Simms
                                            United States Magistrate Judge