**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **TIMOTHY CHATEN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | Civil Action No.  PX-19-1165 |
| | * | |
| **MARKETSMART LLC, et. al,** | * | |
| | * | |
| **Defendants** | * | |
| | * | |
| | ****** | |

## REPORT AND RECOMMENDATIONS – ATTORNEY'S FEES AND COSTS

Pursuant to 28 U.S.C. § 636, and Local Rule 301.5(b), the Honorable Paula Xinis referred this case to me to issue a report and make recommendations as to the reasonableness of the attorney's fees and costs sought by Plaintiff Timothy Chaten ("Plaintiff"). (ECF No. 36). This "Report and Recommendations" addresses the "Motion for Attorney Fees and Costs" ("Fee Motion"), the supplemental pleadings filed related thereto, and all memoranda in support of the same filed by Plaintiff. (ECF Nos. 31, 35, 36). I have reviewed Plaintiff's pleadings, and the responses from Marketsmart, LLC, et. al. ("the Defendants"). (ECF Nos. 34, 37). I believe that the issues have been fully briefed, and do not believe that a hearing is necessary. L.R. 105.6. As set forth more fully below, I ultimately recommend that the Court grant in part, deny in part the motion.

### I.     BACKGROUND

On or about April 22, 2019, Plaintiff filed his First Amended Complaint ("Amended Complaint") for unpaid overtime wages. The Amended Complaint, which is eight pages in length, contained three counts, namely violations of: (1) the overtime provisions of the Fair Labor

1

Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*; (2) the overtime provisions of the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Labor & Employment Article § 3-401 *et. seq.*; and (3) the Maryland Wage Payment & Collection Law ("MWPCL"), Md. Code Ann., Labor & Employment Article § 3-501 *et. seq.* According to the Plaintiff, between on or about March 27, 2017 – March 15, 2019, he worked for Defendants on a salaried basis, however Defendants "misclassified" him as exempt from the FLSA and MWHL and, thus, did not pay him overtime wages as required by law. (ECF No. 8).

According to the parties, between April 22, 2019 – June 5, 2019, they exchanged limited discovery, including propounding interrogatories and at least one request for production of documents. Key documents included the swipe card data produced by the Defendant, which Plaintiff's counsel relied upon to determine the total of unpaid wages and corresponding liquidated damages amount. (ECF No. 25, p. 2; ECF No. 31-2, p.4). Between April 22, 2019 – June 5, 2019, there were no court appearances, nor were any motions filed either party.

On June 5, 2019, forty-four days after the Amended Complaint was filed, Defendants made an Offer of Judgment to Plaintiff in the amount of $12,500, plus court costs and "reasonable attorney's fees to be determined by the court." (ECF No. 18-1). On June 12, 2019, Plaintiff accepted the Offer of Judgment, which was later docketed in this court on June 18, 2019. (ECF No. 18-2).

On June 25, 2019, the district court stayed discovery pending resolution of a contemplated joint motion to approve settlement. (ECF No. 22). Also on June 25, Plaintiff's counsel provided a breakdown of attorney's fees and costs reportedly incurred through that date. In addition, Plaintiff's counsel estimated that an additional five hours of work were required to resolve the case (assuming no fee petition was necessary). (ECF Nos. 31-2, 34-2, 36). Counsel agreed to perform

2

no work on the fee petition until July 1, 2019 to give Defendants an opportunity to accept Plaintiff's demand. (*Id.*).

On July 1, 2019, Defendants offered $15,000 in response to counsel's demand. (ECF No. 34-3). Plaintiff's counsel rejected counteroffer. (ECF 37-1, p. 26). On July 8, 2019, Defendant filed a motion for settlement, to which Plaintiff responded that same day with his own motion for settlement. (ECF Nos. 24, 25). Of note is that the parties stated that they decided to settle the case early to avoid extensive discovery and to keep costs low so that additional financial resources would be available for settlement. (ECF No. 24, p.2; ECF No. 25, p.3). Judicial approval of the settlement followed the issuance of a report and recommendations. (ECF Nos. 27, 29).

On November 25, 2019, Plaintiff filed his petition for attorney's fees and costs and memorandum in support thereto. ("Plaintiff's Fee Motion") (ECF No. 31). Defendants responded on January 10, 2020. ("Opposition") (ECF No. 34). After the Opposition was filed, on February 10, 2020, Plaintiff's counsel submitted a "Notice of Errata as to Plaintiff's Motion for Attorney's Fees and Costs," ("Errata Notice") due to errors in the initial attorney's fees spreadsheet. (ECF No. 35). That same day, Plaintiff's counsel also filed "Plaintiff's Reply in Support of Motion for Attorney's Fees and Costs and Request for Supplement(sic) Fees for Time Spent Drafting the Reply Brief." ("Reply-Request") (ECF No. 36). On March 10, 2020, Defendant's filed a motion for leave to file a surreply. (ECF No. 37). On March 24, 2020, Plaintiff's counsel filed a "Plaintiff's Status Report," in which he articulated that he had until May 5, 2020 to file an opposition to Defendants' motion for leave to file a surreply. (ECF No. 38). On May 4, 2020, this Court denied Plaintiff's request to file an opposition to the Defendants' surreply request. (ECF No. 39).[1]

---

[1] Defendants' motion for leave to file a surreply is granted. The surreply directly addresses issues raised by Plaintiff in his "Notice of Errata," which was filed **after** Defendants Opposition. Defendants need a meaningful opportunity to respond to that Errata Notice. *See Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D. Md. 2003), *aff'd*, 85 Fed. Appp'x 960 (4th Cir. 2004)(per curium). In addition, the Court finds that the proposed surreply "provides

3

In his Plaintiff's Fee Motion, Plaintiff sought $21,584.50 in attorney's fees and $611.00 in costs.[2] Via the Errata Notice, Plaintiff requested $27,269.00 in attorney's fees due to a "mathematical error" present in the Excel program used by counsel to generate the spreadsheet. (ECF Nos. 31; 35, ¶2). Plaintiff's Reply-Request sought an additional $2,023.50 in attorney's fees for 7.10 hours purportedly expended in preparing the reply to the Opposition. (ECF No. 36). Thus, Plaintiff now seeks $29,292.50 in fees, with the amount of costs remaining the same, for a total amount of $29,903.50.

## II.  STANDARD OF REVIEW

A plaintiff who prevails on an FLSA claim is entitled to the payment of attorney's fees and costs. 29 U.S.C. § 216(b).[3] However, the amount awarded for fees and costs is discretionary. *See Randolph v. Powercomm Construction, Inc.*, 715 Fed. App'x 227, 230 (4th Cir. 2017); *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984). In order to recover attorney's fees and costs, a plaintiff must be a "prevailing party." *Hensley v. Eckerhart et al.*, 461 U.S. 424, 433 (1983).[4] Because judgment has been entered in Plaintiff's favor, he is indisputably a "prevailing party" entitled to attorney's fees. *Id.* at 433 (Plaintiff is a prevailing party . . . if successful "on any significant issue in litigation which achieves some of the benefit . . . sought in bringing suit").

To calculate the amount to be awarded in attorney's fees, a court must determine what is reasonable. *Hensley*, 461 U.S. at 433. To do so, courts engage in a three-step process. First, a court must calculate the lodestar, "the number of reasonable hours expended times a reasonable rate."

---

argument and discussion that is relevant and will aid the Court in reaching a decision." *Sherrill v. Mayor and City Council of Baltimore*, 31 F.Supp.3d 750, 770 (D. Md. 2014).
  [2] There was no change in the amount of costs requested.
  [3] In an FLSA action, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).
  [4] Although *Hensley* explains the standards of "prevailing party" under 42 U.S.C. § 1988, *Hensley* extends the standards to "all cases in which Congress has authorized an award of fees to a 'prevailing party,'" *Hensley*, 461 U.S. at 433 n.7, and its standards are therefore pertinent to an award of fees under the FLSA.

*Randolph*, 715 Fed. App'x at 230 (citing *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)). To determine reasonable hours and rates, the Fourth Circuit has held that a court's discretion should be guided by the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See Id.* The twelve factors are:

>(1) the time and labor required;
>
>(2) the novelty and difficulty of the questions;
>
>(3) the skill requisite to perform the legal service properly;
>
>(4) the preclusion of employment by the attorney due to acceptance of the case;
>
>(5) the customary fee;
>
>(6) whether the fee is fixed or contingent;
>
>(7) time limitations imposed by the client or the circumstances;
>
>(8) the amount involved and the results obtained;
>
>(9) the experience, reputation, and ability of the attorneys;
>
>(10) the "undesirability" of the case;
>
>(11) the nature and length of the professional relationship with the client; and
>
>(12) awards in similar cases.

*Id.* ("*Johnson* factors").

Per *Randolph*, *supra*, the second step requires a district court to subtract fees for hours spent on unsuccessful claims unrelated to successful ones. 715 Fed. App'x at 230. Third, a court should award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Randolph*, 715 Fed. App'x at 230 (citing to *McAfee*, 738 F.3d at 88).

To determine the reasonableness of an attorney's hourly rate, courts analyze whether the rate sought is consistent with the rate that prevails in the community for "similar legal services by

lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n. 11 (1984). While a court may rely upon affidavits from attorneys opining on the reasonableness of requested rates, *see, e.g., Poole ex. Rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509-10 (D. Md. 200), it is well established that a court may rely upon its knowledge of the Maryland market. In this district, that "market knowledge" is embedded in United States District Court for the District of Maryland: Local Rules, Appendix B, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases. ("*the Guidelines*"). *See Gonzales v. Caron*, Civ. No. CBD-10-2188, 2011 WL 3886979, at *2 (D. Md. Sept. 2, 2011). The Guidelines, although not binding, presumptively set forth ranges of reasonable hourly rates based on an attorney's years of experience. *Gonzales*, 2011 WL 3886979, at *2.

The party seeking attorney's fees bears the burden of establishing the reasonableness of those fees. *Ledo Pizza Sys., Inc. v. Ledo Rest., Inc.*, DKC-06-3177, 2012 WL 4324881, at *6 (D. Md. Sept. 18, 2012). In addition, even if the billing rate is reasonable, the party seeking fees must "show that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." *Travis v. Prime Lending*, Case No. 07-cv-065, 208 WL 2397330, at *4 (W.D. Va. June 12, 2008).

Moreover, faced with an "overstaffed" case, a court can exercise its discretion and exclude hours billed. *See Trimper v. City of Norfolk*, 58 F.3d 68, 76-77 (4th Cir. 1995)("properly reducing allowable hours because of overstaffing of attorneys is not an abused of discretion"); *see also Schlacher v. Law Offices of Phillip J. Roche & Associates, P.C.*, 574 F.3d 852, 858 (7th Cir. 2009)("overstaffing cases is inefficiently common, and district courts are therefore encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers seek fees").

**III. DISCUSSION**

To aid a court in determining the reasonableness of the hours billed, the Guidelines require the Plaintiff to submit itemized time records broken down by attorney and by litigation phases. *See* the Guidelines, ¶¶1a-1b. Plaintiff complied with the Guidelines, providing: a summary spreadsheet of hours and categories of work performed by attorney or professional; the retainer agreement; emails with opposing counsel, a schedule of costs, a spreadsheet of fees, and declarations and affidavits of counsel. (ECF Nos. 31-2 – 31-15).

A. Arguments

Plaintiff's counsel argues that all *Johnson* factors support of the amount of fees sought. (Fee Petition, pp. 5-18).

In opposing the fee petition, Defendants do not dispute the hourly rates sought.[5] Rather, they argue that the hours billed are excessive and should be reduced. There are three principal arguments. First, this Court should disallow billing entries dated after July 1, 2019 that are related to settlement discussions and the motion for attorney's fees. According to Defendants, Plaintiff's counsel deliberately prolonged this case in order to generate "fees upon fees," by repeatedly rejected their requests for contemporaneous billing records. This tactic precluded Defendants from evaluating the reasonableness of the fees. (Opposition, pp. 5-6). Second, Plaintiff's counsel spent too much time conducting an initial investigation and drafting a "template" complaint, because this case is neither complex nor novel. (Opposition, p. 7). Third, Plaintiff cannot receive reimbursement for attorney's fees that are related to clerical tasks. (*Id.*, pp. 8-9).

Plaintiff's counsel replies that the amount sought for drafting the fee petition is reasonable. Counsel also asserts that the hours spent related to investigation and drafting the complaint are

---

[5] In June 2019, Defendants did question Plaintiff's counsel's hourly rate. (*See* ECF No. 34-3).

7

reasonable, and denies seeking reimbursement for clerical tasks. (Reply-Request, pp. 3-7). Finally, Plaintiff's counsel seeks 7.10 hours for the preparation of the reply brief. (*Id.*, p. 10).

In their surreply, Defendants argue that the amount of attorney's fees earned has suspiciously gone up and down several times between the time that the Offer of Judgment was accepted and the date that the Reply-Request was filed. (Surreply, pp. 2-3). Ultimately, then, Defendants believe that only $15,000 in attorney's fees should be awarded, i.e., the same amount offered to Plaintiff on July 1, 2019. (*Id.*, p. 10).

B. General Findings

As a preliminary matter, I do not find that any step-two or step-three *Randolph* deductions applicable to this case.

I have reviewed all of the pleadings and exhibits in this case. I have analyzed all of the *Johnson* factors. As an initial matter, I find that this case was short-lived and not particularly complex. The well-pled Amended Complaint relates only to one plaintiff. The allegations are relatively straight-forward, namely that the wrongful misclassification of an employee's status enabled the Defendants to avoid paying him overtime wages. The period at issue was just two years. (*See* ECF No. 8, ¶¶ 7-12, 16). (*Johnson* factors 2, 3).

In addition, just forty-four (44) days elapsed between the filing of the Amended Complaint and the Defendants' Offer of Judgment (April 22, 2019-June 5, 2019). No in-court proceedings occurred; no substantive motions were filed. A review of Plaintiff's billing records reflects that during this short period of time: the Amended Complaint was drafted; the parties exchanged discovery; Plaintiff's counsel calculated damages; some legal research was conducted, and attorney-client communications occurred. (ECF No. 31-2, pp. 1-9). (*Johnson* factors 7, 8). The

matter was staffed with 2 senior attorneys with extensive experience in employment law. (*Johnson* factor 9).

As I stated previously, the parties mutually expressed a desire for an early settlement to keep costs low. (ECF Nos. 24, p. 2; 25, p.3). The purpose of an Offer of Judgment is to encourage settlement and avoid protracted litigation. *See* 7 Moore's Federal Practice, par. 68.02, p. 68-4 (West 1990). Thus, I expected to see a decrease in the number of staff or relatively few hours generated on the matter. In general, that did not happen. At any given time, just as many attorneys and paralegals worked on an issue before the Offer of Judgment was accepted as did after (1-2 attorneys and 1-2 paralegals at any given time). The exception was the reply petition, which only involved the work of one attorney. (ECF No. 31-2, pp. 1-9).

Despite the mutually-expressed desire to expeditiously resolve this case, between approximately late June 2019-November 2019, the documents reflect that the interactions between counsel were contentious about the amount of attorney's fees. (ECF Nos. 31-2, pp. 6-8; 37-1, pp. 26-35). The supporting documentation also reveals that Plaintiff's counsel requested multiple fee amounts in short period of time. Specifically, on June 25, 2019, counsel represented that the amount of attorney's fees and costs incurred was $19,021, $750.00 of which pertained to costs. (ECF No. 34-2, p. 2; ECF No. 31-2, p. 9; ECF No. 36, p, 2). In addition, Plaintiff's counsel estimated that an additional five hours of work were required to resolve the case (assuming no fee petition was necessary). Thus, Plaintiff's counsel demanded $21,271 for fees and costs (i.e., $20,521 + $750.00), "plus future costs and attorneys' fees beyond five hours of work." (ECF No. 34-2). On July 1, 2019, Defendants made a $15,000 counteroffer for attorney's fees, which Plaintiff rejected. (ECF Nos. 34-3; ECF 37-1, p. 26). Fourteen (14) days later, Plaintiff notified Defendants that counsel's fees increased effective July 1, 2019, and represented that the total value

of the fees and costs was $22,236. 50 as of July 15, 2019. (ECF No. 37-1, p. 24). Later, Plaintiff's counsel said that their July 15, 2019 demand was actually for a total of $22,758.47, inclusive of costs (there had been a typographical error in their correspondence). (ECF No. 37-1, p. 31). In his Plaintiff's Fee Motion, Plaintiff sought $21,584.50 in attorney's fees and $611.00 in costs. Via the Errata Notice, Plaintiff requested $27,269.00 in attorney's fees and costs, claiming that a "mathematical error" in the Excel program caused the fees to be underreported. Then, in the reply brief, Plaintiff's counsel further stated that the attorney's fees on July 1, 2019 were $19,234. (ECF Nos. 31, 35, 36). Defendants' claim that they made requests for documentation in support of the attorney's fee totals, yet Plaintiffs did not provide the same (ECF Nos. 34-3, p.3; 37-1, p. 33). Plaintiff's billing entries show that in July 2019 and September/October 2019 they prepared and sent to Defendants quarterly reports on attorney's fees (ECF No. 31-2, pp. 3-4).

Between July 2019- November 24, 2019 (the date the fee petition was filed), there was no in-court activity involving the parties. The majority of the time billed related to the categories of motion to approve settlement (8.10 hours), settlement (12.70 hours), and fee petition (10.4 hours). (ECF No. 31-2, pp. 4-9).

C. <u>Reasonable Hourly Rates</u>

Plaintiff' seeks hourly attorney's rates as follows: Omar Melehy, who was admitted to the Maryland Bar more than 30 years ago, billed at rates of $500.00 or $600.00[6] per hour; Suvita Melehy, who was admitted to the Maryland Bar more than 20 years ago, billed at rates of $450.00 or $550.00 per hour; Andrew Balashov, who was admitted to the Maryland Bar fewer than 5 years ago, billed at rates of $450.00 or $550.00 per hour. In addition, Plaintiff seeks the following hourly rates for Terrance Scudieri, who was a law clerk, who billed at a rate of $155.00/hour; and a

---

[6] Melehy & Associates, LLC's rates increased on July 1, 2019. (ECF No. 31-1, p.6, n.3).

paralegal, Nick Blackmore, who billed at rates of $155.00 or $175.00 per hour. (ECF Nos. 31-2; 36, pp.10-11).

In support of his request for above-Guidelines hourly rates, Plaintiff submitted three affidavits: two from his counsel, Omar Melehy and Suvita Meley, and one from an employment law attorney, Charles W. Day, Jr., Esq. (*See* ECF Nos. 31-3; 31-5; 31-8). The affidavits set forth the education, skill, experience, and billing rates for lawyers and paralegals who worked on this case. (*Id.*). In addition, Plaintiff submitted an affidavit from an associate, Andrew Balashov, which projected the percentage increase, year-to-year, of the Guidelines' hourly billing rates. (ECF Nos. 31-6, 31-7).

Plaintiff maintains that the higher rates are reasonable because: (a) the "relevant locality is the Maryland suburbs," and counsel's fees are below market rates; (b) this is an employment case, and counsel uses this rate in all of his representative matters of this type; (c) the retainer agreement in this case allows him to use the *Laffey* Matrix[7] rates; (d) the Guidelines' rates are not mandatory; (e) the Guidelines hourly rates are outdated; (f) counsel has been previously awarded above-Guidelines rates in cases in Maryland and District of Columbia federal and state courts; and (f) according to Mr. Day, who is familiar with the skills of the attorneys and with the Maryland suburban employment law community, these rates are reasonable. (*Id; see also* Fee Petition, pp. 19-22).

As relevant here, ¶¶ 3a, 3e. and 3f. of the Guidelines provide the following regarding hourly rates:

---

[7] The *Laffey* Matrix is a metric used by the U.S. Attorney's Office in the District of Columbia to calculate rates for attorneys practicing in civil cases in **courts located in Washington, D.C.** (emphasis supplied). *See* ECF No. 172-5, p.1, n.1("This matrix of hourly rates for attorneys of varying experience levels. . . has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia (USAO) to evaluate requests for attorney's fees in civil cases in District of Columbia courts").

      (a) Lawyers admitted to the bar for less than five(5) years: $150-225.

      (e) Lawyer admitted to the bar for twenty(20) years or more: $300-475.

      (f) Paralegals and law clerks: $95-150.

First, I do not find Plaintiff's agreement to a higher hourly rate, by itself, relevant to this court's determination of the reasonableness of the fees. I do not understand how a business practice that benefits counsel are relevant to the determination that I must make. Second, the Court does not find relevant the *Laffey Matrix* rates. The District of Columbia is not the relevant market. Third, this Court does not believe counsel's customary rates are the appropriate metric; rather, the Guidelines' rates are "more representative of a broader range of fees charged by practitioners appearing in federal court in Maryland." *Kreuze v. VCA Animal Hosps., Inc.*, Case No. PJM 17-1169, 2019 WL 2107263, (D. Md. May 14, 2019). The rates charged in the Guidelines are presumptively reasonable. *Gonzales*, 2011 WL 3886979, at *2. In addition, there is nothing unique, complex or exceptional about this case that merits an upward adjustment to the Guidelines' hourly rates. The affidavits and declarations submitted in this case do not address how this specific case was novel, protracted, or complicated such that higher hourly rates are presumptively reasonable.

Indeed, there are FLSA fee petition cases routinely filed in this district that do not result in above-Guidelines fees being awarded. *See, e.g., Morataya v. Nancy's Kitchen of Silver Spring, Inc.*, GJH 13-1888, 2016 WL 6634856, at *1 (D. Md. Nov. 8, 2016). The cases cited by Plaintiffs do not persuade the Court otherwise. *See* ECF 31-5, ¶ 32: *Salgado v. M.L. Shin, Inc., et al.*, Case No. 1:17-cv-3785 (D. Md.)(FLSA settlement agreement where defendants agreed to counsel's attorney's fee amount); *Giron v. CMG Communications LLC, et al.,* Case No. 8:18-cv-2255 (D. Md.)(FLSA settlement agreement where defendants agreed to counsel's attorney's fee amount). Relatedly, the Court disagrees that an hourly rate above the Guidelines is appropriate as it relates

12

to Mr. Balashov, an associate. A review of his biography and of the services rendered reveals nothing unique or extraordinary. Similarly, I do not find the use of an above-Guidelines hourly rate to be appropriate for the work performed by Mr. Scudieriki, a law clerk, or Mr. Blackmore, a paralegal.

In sum, the hourly rates sought by Plaintiff's counsel, law clerk, and paralegals will be adjusted downward to comply with the Guidelines. *See* Loc. R., App. B. 3(a), 3(e), 3(f). Thus, based on the hours submitted by Plaintiff's counsel, multiplied by the Guidelines rates of $475/hour (Melehys) + $225/hour (Balashov) + $150/hour (law clerk and paralegals), I recommend that you award **$24,436**. Further reductions are set forth below.

D. Reasonable Hours

The Court has reviewed the hourly entries. The time entries identify the following categories of work performed and hours associated thereto:

(i)  initial investigation: 7 hours (1 attorney);

(ii)  pleadings and case initiation: 5.2 hours (1 attorney and 1 paralegal);

(iii)  case management: 12.7 hours (2 attorneys, 3 paralegals[8]);

(iv)  calculating damages: 7.10 hours (2 attorneys, 2 paralegals);

(v)  discovery: 5.40 hours (2 attorneys, 1 paralegal);

(vi)  settlement: 12.7 hours (3 attorneys, 1 paralegal);

(vii)  motion to approve settlement: 8.10 hours (2 attorneys); and

(viii)  fee petition preparation, including reply brief: 10.40 hours (3 attorneys, 1 paralegal) + 7.10 hours (1 attorney).

1. *Fee Petition and Reply Brief*

---

[8] There is an entry for Miriam Martinez, who is not fully identified. Her rate seems consistent with a paralegal's rate. (ECF No. 31-2, p.2).

I do not find the amount of time spent drafting the initial fee petition (10.4 hours) to be unreasonable. The petition was supported with affidavits, declarations, billing information.

However, I do find it unreasonable for counsel to see reimbursement for part of the fee petition process (Errata Notice and Reply). A court can reduce hours awarded if the documentation submitted is "vague or incomplete." *CoStar Group, Inc. v. LoopNet, Inc.,* 106 F.Supp.2d at 788. Because the first Excel spreadsheet contained errors related to the amount sought, it was technically incomplete. Plaintiff's counsel should not expect Defendants to compensate them for their mistake, especially when this is not the first time that such an Excel-spreadsheet error has occurred. [9] Also, despite Defendants' requests, Plaintiff's counsel apparently did not provide Defendants with information regarding the fees incurred until July 1, 2019 and later. *See* ECF Nos. 31-1, p. 3; 37-1, pp. 19-22. It does not appear that contemporaneous records were kept; if they were, they were not shared with Defendants. This precluded Defendants from adequately assessing what a reasonable attorney's fee amount was. Thus, I recommend a reduction be imposed of **$1,000.**

2. *Initial Investigation and Complaint*

Evaluating *Johnson* factors one, two, three, and nine, I find that the amount of time spent investigating this case and drafting the Complaint was reasonable. I find that only 11 attorney hours and 1.2 support staff hours were incurred. Experienced counsel interviewed his client, analyzed possible legal issues, and drafted a solid Complaint that adequately notified Defendants

---

[9] I note that in one of the cases relied upon by Plaintiff, four years ago, Plaintiff's counsel initially submitted a fee request predicated on an Excel spreadsheet that he later discovered was flawed. The corrected spreadsheet resulted in $14,000 more being sought in attorney's fees. *See Morataya v. Nancy's Kitchen of Silver Spring, Inc.*, GJH 13-1888, 2016 WL 6634856, at *1 (D. Md. Nov. 8, 2016). It strikes me that a refresher course in how to use Excel might be prudent.

of the nature of the charges against them. Indeed, counsel's skillful lawyering likely led to a speedier resolution of this case. No deductions are appropriate.

3. *Clerical Tasks*

At least two district judges have held that a party should not be reimbursed for performing clerical and administrative tasks. *See, e.g., Pfeiffer v. Schmidt Baking Co.*, Case No. CCB 11-3307, 2014 U.S. Dist. LEXIS 13546, *11 (D. Md. Mar. 28, 2014) (fees for e-filing documents and preparing packets not recoverable); *Dorsey v. TGT Consulting, LLC*, Case No. CCB 10-92, 2014 U.S. Dist. LEXIS 13546, *18 (D. Md. Feb. 4, 2014) (filing of opt-in forms and pleadings on ECF is clerical); *Kabore v. Anchor Staffing, Inc.*, Case NO. L10-3204, 2012 U.S. Dist. LEXIS 147961, *8 (D. Md. Oct. 17, 2012)(simply filing documents is a clerical task not recoverable in attorney's fees).

In this case, there are several entries that appear to relate to purely administrative tasks, largely performed by a law clerk, paralegals and an associate (Scudieri, Martinez, Balashov), which are not clearly recoverable. (ECF No. 31-2,pp. 1-3). Accordingly, I recommend a deduction of $**500.00.**

4. *Timekeepers*

During the short life of this case, 2 senior attorneys, 1 associate and 3 paralegals billed time. I find that this relatively straightforward case was overstaffed so that an unreasonable number of hours have been claimed by Plaintiff. For instance, when you closely examine billing entries for damages, fee petition, submission of a joint status report, settlement, motion to approve settlement and reviewing orders/communicating with Judge Xinis' Judicial Assistant, too many attorneys and/or paralegals performed work that seemed duplicative, excessive, or unnecessary.

Given counsel's extensive expertise in employment law claims, I find some of these hours unreasonable. (ECF No. 31-2, pp. 2-4, 5-8).

In addition, the number of hours billed related to the motion to approve settlement (8.10 hours) are excessive. I find it excessive for two attorneys to have worked on this pleading, which was not terribly complicated. (*See* ECF No. 25). If counsel for both sides were truly interested in keeping costs low, they should have found a way to be professional and work together to produce one motion to approve settlement. There simply was no need for two pleadings. Both sides bear responsibility for double the amount of work. Next, the number of hours billed by Plaintiff's counsel are excessive, and the number of staff working on "settlement" are excessive. The Court does not understand why 3 attorney timekeepers and 1 paralegal timekeeper were truly necessary to try to negotiate reasonable attorney's fees. When a court awards an hourly rate at the upper end of the applicable Guidelines range, it is reasonable to expect "counsel and their legal assistant[s] to have worked efficiently [in a manner] the reflects their substantial experience." *Dorsey, supra*, 2014 U.S. Dist. LEXIS 13546, *10.

Because this case was overstaffed, I recommend that you exercise your discretion and exclude some of the hours billed. *See Trimper v. City of Norfolk*, *supra*, at 76-77.

Where precision is not possible, I recommend an overall reduction of approximately **$2,500**, to achieve "rough justice" by way of reasonably estimating the fees associated with the initial action. *See Christian v. Maternal-Fetal Med. Assocs. of Md., LLC*, 459 Md. 1, 39-40(2018)(quoting *Fox v. Vice*, 563 U.S. 826 838 (2011))("It is the duty of a court to accomplish 'rough justice, not [] auditing perfection' when determining what attorney's fees to award under the circumstances.").

E.  Costs

Plaintiff requests $611.00 in costs associated with legal research, use of an overnight delivery service, photocopies, postage, and the filing fee for the complaint. (ECF No. 31-14). Defendant does not object to the request, so it will be evaluated for reasonableness. The charges for the first three items are compensable. *See* "Rules and Guidelines for Determining Attorneys' Fees in Certain Cases," Appendix B, ¶¶ 4a, 4c, December 2018. The filing fee for the complaint is compensable. *See* 28 U.S.C. § 1920(1). The reimbursement sought for postage is not unreasonable.

Accordingly, I recommend that Plaintiff be awarded **$611.00** in costs.

## IV.   CONCLUSION

In sum, I find that the requested hourly attorney and paralegal rates are unreasonable. I further find that the majority of the requested number of hours are reasonable, with the adjustments set forth above. I have multiplied the number of reasonable hours expended by the reasonable rates for the attorney as instructed by *Randolph* and followed the other *Randolph* requirements. I do not find that any other reductions were warranted. I ultimately recommend a total fee award of $**20,436** in attorney's fees, and an award of $**611.00** in costs.

Dated: August 14, 2020                                   /s/
                                                      The Honorable Gina L. Simms
                                                      United States Magistrate Judge